MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:    (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-00446 JD |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| PABLO TORRES ZARAGOSA, | |
| Defendant. | Current Hearing Date:   September 26, 2014<br>Proposed Hearing Date:  October 24, 2014 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Pablo Torres Zaragosa (ZARAGOSA), by and through his respective counsel of record, Erick L. Guzman, hereby stipulate as follows:

    1.    On August 21, 2014, a federal grand jury returned an indictment against the defendant. Defendant was charged with conspiracy to distribute, and to possess with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 846 and possession with intent to distribute, and

distribution of, methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Defendant has been arraigned on the indictment, entered a plea of not guilty, and a status conference hearing before this Court is scheduled for 1:30 p.m. on Friday, September 26, 2014.

2. Counsel for defendant ZARAGOSA represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Counsel for defendant also agrees that the requested continuance is necessary and excludable for purposes of continuity of counsel.  The parties agree that the continuance granted by the Court was not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

3. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 26, 2014, to October 24, 2014, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. Defendant's counsel represents that he has fully informed his client of his Speedy Trial rights and that, to his knowledge, his client understands those rights and agrees to waive them.

Defendant's counsel further believes that his client's decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

     5.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

     IT IS SO STIPULATED.

Dated: September 24, 2014                       MELINDA HAAG
                                                    United States Attorney

                                                    /S/   *Garth Hire*
                                                  GARTH HIRE
                                                  Assistant United States Attorney

                                                  Attorneys for Plaintiff
                                                  UNITED STATES OF AMERICA


   /S/  *per e-mail authorization*                       9/22/2014
ERICK L. GUZMAN                                         Date
Attorney for Defendant
Pablo Torres Zaragosa

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status conference in this matter scheduled for September 26, 2014, is continued to 1:30 p.m. on Friday, October 17, 2014 in Courtroom 11 of the San Francisco Courthouse. The time period of September 26, 2014, to October 17, 2014, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

September 25, 2014
DATE

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE