MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:    (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PABLO TORRES ZARAGOSA,<br><br>    Defendant. | No. CR 14-00446 JD<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>Current Hearing Date:    January 23, 2015<br>Proposed Hearing Date:    February 13, 2015 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Pablo Torres Zaragosa (ZARAGOSA), by and through his respective counsel of record, Erick L. Guzman, hereby stipulate as follows:

    1.    On August 21, 2014, a federal grand jury returned an indictment against the defendant. Defendant was charged with conspiracy to distribute, and to possess with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 846 and possession with intent to distribute, and

1

distribution of, methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Defendant has been arraigned on the indictment and entered a plea of not guilty.  A status conference hearing before this Court is scheduled for 10:00 a.m. on Friday, January 23, 2015.  This matter has twice been continued by stipulation.

2. Counsel for defendant ZARAGOSA recently had an appointment to meet with his client but was unable to do so because of the holiday.  Although counsel for defendant ZARAGOSA anticipates that this matter will resolve through guilty plea, counsel for defendant ZARAGOSA represents that additional time is necessary to confer with defendant (specifically, to meet with defendant ZARAGOSA in order to review recently produced discovery and other material), conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery already produce and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Counsel for defendant also agrees that the requested continuance is necessary and excludable for purposes of continuity of counsel.  The parties agree that the continuance granted by the Court was not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

3. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 23, 2015, to February 13, 2015, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant

1 continuity of counsel and would deny defense counsel the reasonable time necessary for effective
2 preparation, taking into account the exercise of due diligence.

3     4.    Defendant's counsel represents that he has fully informed his client of his Speedy Trial
4 rights and that, to his knowledge, his client understands those rights and agrees to waive them.
5 Defendant's counsel further believes that his client's decision to give up the right to be brought to trial
6 earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

7     5.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy
8 Trial Act dictate that additional time periods be excluded from the period within which trial must
9 commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the
10 future authorize the exclusion of additional time periods from the period within which trial must
11 commence.

12     IT IS SO STIPULATED.

13 Dated: January 22, 2015                  MELINDA HAAG
14                                                            United States Attorney

15                                                             /S/   *Garth Hire*
16                                                            GARTH HIRE
                                                           Assistant United States Attorney

17                                                            Attorneys for Plaintiff
18                                                           UNITED STATES OF AMERICA

19

20    /S/ *per e-mail authorization*                    1/20/2014
21 ERICK L. GUZMAN                                     Date
Attorney for Defendant
22 Pablo Torres Zaragosa

23

24

25

26

27

28

3

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN, and based on defendant's counsel's representation that his client agrees to the proposed continuance and exclusion of time:

The status conference in this matter scheduled for January 23, 2015, is continued to 1:30 p.m. on Friday, February 13, 2015.  The time period of January 23, 2015, to February 13, 2015, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  The Court advises the parties, however, that this will be the last continuance and exclusion of time the Court will approve before trial setting.

IT IS SO ORDERED.

January 21, 2015
DATE

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

4